UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Christopher Bielicki, et al.,

    Plaintiffs

v.

USAA Casualty Insurance Company,

    Defendant

Case No. 2:23-cv-01362-CDS-EJY

**Order Granting in Part and Denying in Part Defendant's Motion to Dismiss**

[ECF No. 9]

This is an insurance breach of contract and related claims for relief suit brought by plaintiffs Christopher Bielicki and Atoussa Tadayon against defendants USAA Casualty Insurance Company, Nathan Sumnicht[1], and unnamed Doe and Roe defendants (collectively, defendants). *See* Compl., ECF No. 1-1. As set forth in the complaint, Bielicki and Tadayon were involved in an unsolved hit and run with injuries on January 15, 2023, in Las Vegas, Nevada. *See generally id.* Thereafter, plaintiffs submitted a claim to USAA, which USAA allegedly refused to pay in full. *Id.* Plaintiffs initially brought this case in the Eighth Judicial District Court, alleging five causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) bad faith, in violation of Nevada's Unfair Insurance Claims Practices Act; (4) negligent hiring, retention, training & supervision,[2] and (5) respondeat superior / vicarious liability. *Id.* Defendants removed this action in September of 2023 based on diversity jurisdiction (ECF No. 1), and USAA now moves to dismiss the complaint and to strike plaintiffs' prayer for punitive damages and attorney's fees. Mot., ECF No. 9. Plaintiffs filed an opposition to the motion, which includes a request for leave to amend should the court be inclined to grant the motion. Opp'n, ECF No. 12. The motion is now fully briefed. Reply, ECF No. 15. For the reasons set forth herein, I grant in part and deny in part USAA's motion.

---

[1] Defendant Nathan Sumnicht was dismissed from this action on March 13, 2024. ECF No. 20.
[2] This claim is brought against defendant USAA only.

I.      Background

As set forth in the complaint, plaintiffs were involved in a hit and run car accident that caused serious injury to them in Las Vegas, Nevada on January 15, 2023. Compl., ECF No. 1-1 at 8, ¶ 8. The at-fault driver fled the scene and has never been located nor identified. *Id.* At the time of the accident, Bielicki was 57 years old and Atoussa was 56 years old, both of whom had no significant prior medical history. *Id.* at 9, ¶¶ 21–22. Following the accident, plaintiffs put USAA on notice of a pending uninsured motorist claim under their USAA policy,[3] which USAA acknowledged on January 24, 2023. *Id.* at 8, ¶¶ 17–18. Approximately six months later, plaintiffs faxed USAA a policy demand for their uninsured motorist claims, which included their medical records and bills which showed special damages in the amount of $63,533.08 for Atoussa and $57,161.08 for Bielicki. *Id.* at 9, ¶ 20. Those amounts did not however account for plaintiffs' pain and suffering, or lost quality of life. *Id.*

On June 30, 2023, USAA responded to plaintiffs' demand through Sumnicht, who extended offers to both plaintiffs for less than the special damages included in their demand "without any information or explanation for the low valuation." *Id.* at ¶ 23. On July 3, 3023, plaintiffs' attorney sent a letter to defendants reiterating plaintiffs' demand for their policy limits, which included a caution that if the demand was not accepted, plaintiffs intended to seek legal redress. *Id.* at ¶ 26. According to plaintiffs, to date, defendants have never responded to this letter. *Id.* at ¶ 27. A telephone conference took place on July 5, 2023 between plaintiffs' attorney and Sumnicht to discuss USAA's offers, during which Sumnicht rejected plaintiffs' demand for the full policy limits and failed to provide an explanation for undervaluing plaintiffs' claims. *Id.* at ¶ 25. Plaintiffs contend that defendants breached their duty to them, failed to adequately investigate their claim, and further set arbitrary, predetermined, and undervalued offer amounts, all in violation of Nevada law. *See generally id.*

---

[3] This was a six-month policy that had been purchased on or about August 28, 2022. ECF No. 1-1 at 8, ¶ 9. There is no dispute that the policy was in effect at the time of the accident.

USAA moves to dismiss four of the five causes of action[4] and the prayer for punitive damages, in sum, arguing that they are improperly plead. *See generally*, Mot., ECF No. 9. Plaintiffs oppose the motion in its totality, and in the alternative, request leave to amend any dismissed claim pursuant to Federal Rule of Civil Procedure 15(a). *See generally*, Opp'n, ECF No. 12. In their reply, USAA contends that its motion should be granted in its entirety and that the request to amend should be denied because any amendment would be futile. Reply, ECF No. 15.

II.    Legal standard

      **A.    Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)**

A complaint must include "[a] short and plain statement of … claim[s] showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Twombly*, 550 U.S. at 555. A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.* at 556. If the motion to dismiss is granted, I should also grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).

              *1.    Breach of the covenant of good faith and fair dealing*

Contracts in Nevada "impose[] upon each party a duty of good faith and fair dealing in [their] performance and execution." *A.C. Shaw Constr. v. Washoe Cnty.*, 784 P.2d 9 (Nev. 1989). A party breaches the implied covenant of good faith and fair dealing when it performs "in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991).

---

[4] USAA does not challenge plaintiffs' breach of contract cause of action (claim 1).

Whether a party's performance denies another of their reasonable expectations under a contract "is determined by the various factors and special circumstances that shape these expectations." *Id.* at 924. The law, not any insurance contract, imposes the covenant of good faith and fair dealing on insurers. *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009) (citing *U.S. Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)).

Nevada law provides a cause of action for breach of the implied covenant of good faith and fair dealing when benefits owed under an insurance policy are unreasonably withheld. *See U.S. Fidelity & Guaranty Co.*, 540 P.2d at 1071 ("Where an insurer fails to deal fairly and in good faith with its insured by refusing without proper cause to compensate its insured for a loss covered by the policy[,] such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing."). Breach of this covenant may be referred to as "bad faith," defined as "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the [insurance] policy." *Miller*, 212 P.3d at 324 (quoting *Am. Excess Ins. Co. v. MGM Grand Hotels*, 729 P.2d 1352, 1354–55 (Nev. 1986)).

### 2. Nevada's Unfair Claims Practices Act

The Nevada Unfair Claims Practices Act (UCPA) addresses the way an insurer handles an insured's claim. *See Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010). Codified at NRS § 686A.310, the UCPA "designates certain insurance company activities to be unfair practices and by implication permits a private right of action by an insured against an insurer for violation of the statute." *Williams v. Am. Fam. Mut. Ins. Co.*, 2012 WL 1574825, at *4 (D. Nev. May 2, 2012) (citing *Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F. Supp. 900, 903 (D. Nev. 1994)). "The protections of NRS 686A.310 are broader than the tort of bad faith and extend to the processing of the claim." *Id.*

Under the UCPA, an insured can recover any *damages* sustained because of a defendant committing any act defined by the UCPA to be an "unfair practice." NRS § 686A.310(2). Black's Law Dictionary defines damages as "money claimed by, or ordered to be paid to, a person as compensation for loss or injury." Black's Law Dictionary (11th ed. 2019).

### 3. *Negligent Hiring, Training, Retention, and Supervision*

In order to establish a claim for negligent hiring, training, retention, or supervision of employees, a plaintiff must show the following: "(1) a duty of care defendant owed the plaintiff; (2) breach of 'that duty by hiring, training, retaining, and/or supervising an employee even though defendant knew, or should have known, of the employee's dangerous propensities; (3) the breach was the cause of plaintiff's injuries; and (4) damages.'" *Freeman Expositions, LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 520 P.3d 803, 811 (2022) (quoting *Peterson v. Miranda*, 57 F. Supp. 3d 1271, 1280 (D. Nev. 2014)). "[An] employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996). Plaintiffs must specifically show "how [the] employer violated its duty." *Reece v. Republic Servs., Inc.*, 2011 WL 868386, at *11 (D. Nev. Mar. 10, 2011).

### 4. *Respondeat Superior*

"[R]espondeat superior liability attaches only when the employee is under the control of the employer and when the act is within the scope of employment." *Molino v. Asher*, 618 P.2d 878 (Nev. 1980). Thus, employers may be held vicariously liable for the actions of an employee who is under the control of the employer and acting within the scope of employment under the doctrine of respondeat superior. *Evans v. SW Gas Corp.*, 842 P.2d 719, 721 (Nev. 1992), *overruled on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (2001)). However, respondeat superior "is a theory of liability, not a cause of action." *Phillips v. Target Corp.*, 2015 WL 4622673, at *5 (D. Nev. Jul. 31, 2015); *see also Gonzalez v. Nev. Dep't of Corr.*, 2015 WL 4711108, at *7 (D. Nev. Aug. 6, 2015) ("[r]espondeat superior is better understood as a theory of liability than as an independent cause

of action … [c]ourts in this district have routinely dismissed respondeat superior and vicarious liability causes of action for this reason.").

### 5. *Leave to amend pursuant to Fed. R. Civ. P. 15.*

Federal Rule of Civil Procedure 15 states that "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether justice requires giving leave to amend, the court considers: (1) the presence or absence of undue delay, (2) bad faith, (3) dilatory motive, (4) "repeated failure to cure deficiencies" in previous amendments, and (5) futility of the amendment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)).

## III. Discussion

### A. USAA's motion to dismiss plaintiffs' breach of the covenant of good faith and fair dealing claim is denied.

USAA argues that plaintiffs' claim that it acted in bad faith should be dismissed as a matter of law because the conclusory allegations in the complaint are insufficient to meet the *Iqbal/Twombly* pleading standard. Mot., ECF No. 9 at 6–7. They also argue that plaintiffs' "bald allegations" that its refusal to pay the policy limits constitutes bad faith are likewise insufficient to bring this claim.

"An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *U.S. Fidelity & Guaranty Co*, 540 P.2d at 1071). To constitute a denial "without proper cause" an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co.*, 729 P.2d at 1354 (citing *U.S. Fidelity & Guaranty Co.*, 540 P.2d at 1070). This implied covenant requires that parties "act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party." *Morris v. Bank of Am. Nevada*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted). "When one party performs a contract in a manner

that is unfaithful to the purpose of the contract ... damages may be awarded against the party who does not act in good faith." *Hilton Hotels Corp.*, 808 P.2d at 923.

Here, plaintiffs' complaint goes well beyond merely alleging defendants failed to comply with their policy demand, without providing any specific instances of what could plausibly constitute a breach of the good faith and fair dealing covenant. The complaint alleges that defendants breached the implied covenant of good faith and fair dealing by: (1) severely and grossly undervaluing plaintiffs' claim; (2) failing to provide an explanation as to why their offer to plaintiffs was so low; (3) recklessly and without a reasonable basis conducting and handling plaintiffs' claims; (4) failing to provide plaintiffs copies of their underinsurance/uninsured policy contract and other documents needed to complete their claim; (5) as a result of their unreasonableness, breaching their contract with plaintiffs; (6) failing to conduct a full, prompt, and thorough investigation of plaintiffs' claims; and (7) requiring plaintiffs' to initiate litigation to resolve their claims against defendants. *See generally* Compl., ECF No. 1-2 at 10–11. These allegations, when taken together and accepted as true, are sufficient to establish a plausible entitlement to relief. *See Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991) (defining bad faith as "the absence of a reasonable basis for denying benefits . . . and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim."). USAA's motion to dismiss the breach of the covenant of good faith and fair dealing is denied.

### B. USAA's motion to dismiss plaintiffs' Unfair Claims Practices Act claim is granted in part.

Plaintiffs assert that defendants violated subsections (b), (e), (f), and (n) of the Nevada Unfair Claims Practices Act. USAA contends that plaintiffs merely recite relevant subsections of NRS § 686.A310 without providing any specific facts as to how it violated UPCA. I agree, but only has it relates to subsections (b) and (f).

NRS § 686A.310(1)(b) prohibits an insurance company from failing to acknowledge and act reasonably promptly upon communications regarding an insurance claim arising under their

7

policy. The complaint alleges that USAA acknowledged plaintiffs' notice of claim one day after it was sent (ECF No. 1-2 at 3, ¶¶ 17–18), and that Sumnicht responded to their time limited policy demands 15 days after it was sent. *Id.* at 7, ¶¶ 19, 23. Without more, it is unclear how plaintiffs have plausibly alleged that USAA did not acknowledge nor act in a reasonably prompt fashion in response to plaintiffs' claim and/or demand. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, defendants' motion to dismiss subsection (b) of plaintiffs' UCPA claim is granted. Because it is unclear if amendment would be futile, dismissal is without prejudice and with leave to amend.

NRS § 686A.310(1)(e) makes it unlawful to fail to effectuate a prompt, fair, and equitable settlement after an insurance company's liability has become reasonably clear. The complaint set forth several allegations that plausibly give rise to liability under this statute, including: (1) plaintiffs' attorney had a telephone conference with Sumnicht about plaintiffs' demands for full policy limits, which Sumnicht did not accept and nor provide an explanation for the undervaluation of plaintiffs' claims; (2) at the time plaintiffs filed the complaint in this action, defendants had not responded to plaintiffs' July 3, 2023 correspondence; and (3) defendants failed to adequately investigate and/or evaluate plaintiffs' claims. ECF No. 1-2 at 12. Accordingly, USAA's motion to dismiss plaintiffs' UCPA claim under subsection (e) is denied.

NRS § 686A.310(1)(f) makes it unlawful to compel an insured to institute litigation to recover amounts due under an insurance policy "by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered." NRS § 686A.310(1)(f). This claim is set forth in paragraphs 72 and 73 of the complaint. ECF No. 1-2 at 12. A review of those paragraphs reveal that the claim summarizes the elements of this claim, when considering all the allegations as a whole, to include the claim together with the allegations that plaintiffs' submitted documentation supporting their demand (*see id.* at 7, ¶¶ 20-23) and yet still received

an offer to settle that was less than their demand, is sufficient to state a claim under NRS § 686A.310(1)(f). Consequently, defendants' motion to dismiss this claim is denied.

NRS § 686A.310(1)(n) prohibits an insurance provider from failing to promptly provide to an insured a reasonable explanation for denying claim or for an offer to settle or compromise the claim. NRS § 686A.310(1)(n). That explanation must be based on the facts of the insured's claim, the applicable insurance policy itself, and any applicable law. *Id.* Plaintiffs alleged that defendants failed to promptly provide them with a reasonable explanation of the basis, based on the facts of their claim and any applicable laws, for the offer they extended to settle plaintiffs' claims. ECF No. 1-2 at 13, ¶ 74. They further allege that defendants failed to provide any factual or legal support for their undervaluation of plaintiffs' claims. *Id.* at ¶ 75. Further, plaintiffs allege that defendants violated this provision by failing to pay them the portion of their claim that was not in dispute, as required by Nevada Administrative Code 686A.675(1), but rather extended the undervalued offers instead. *Id.* at ¶ 76. These allegations sufficiently establish that plaintiffs are plausibly entitled to relief, so USAA's motion to dismiss their UCPA claim under subsection (n) is denied.

### C. Negligent Hiring, Training, Retention and Supervision

USAA moves to dismiss plaintiffs' negligent hiring, training, retention and supervision claim, arguing that plaintiffs failed to allege that potential employees were not properly screened, that employees were not suitable for their positions, that Sumnicht had, or that USAA knew or should have known that he had, any dangerous propensities. Mot., ECF No. 9 at 8–9. Plaintiffs oppose the motion, arguing that negligent hiring is a separate and distinct claim from vicarious liability, and that liability can be imposed even when the employer-employee relationship is established. Opp'n, ECF No. 12 at 9. Plaintiffs further argue that "USAA knew or should have known that [] [Sumnicht] was not properly trained or experienced to evaluate and value claims" given his "unreasonable and insufficient 2 week investigation of [their] claim[.]" *Id.* at 10.

As a threshold matter, while analyzed under the same framework, in Nevada, negligent hiring and negligent training, supervision, and retention, are two separate torts. *See Scheumann v. City of Las Vegas*, 2024 U.S. Dist. LEXIS 35147, *22 (D. Nev. Feb. 29, 2024) (citing *Vaughan v. Harrah's Las Vegas, Inc.*, 238 P.3d 863 (Nev. 2008) (table disposition) (separately analyzing a negligent-hiring claim and one for negligent training, supervision, and retention)). Plaintiffs nonetheless pled both torts together. As further explained below, plaintiffs fail to meet the plausibility standard for both torts.

### 1. *Plaintiffs' negligent hiring claim is insufficiently pled.*

The tort of negligent hiring imposes "a general duty on an employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall*, 930 P.2d at 98. This duty is breached when the employer "hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Id*. Here, the complaint makes no allegations regarding any deficiencies in conducting Sumnicht's background check, nor any allegations about him having any dangerous propensities whatsoever. Accordingly, this claim fails. While the court has serious doubts regarding plaintiffs' ability to amend this claim, in the interest of justice, it is dismissed without prejudice and with leave to amend. Should plaintiffs seek to amend this claim for relief, it must be pled separately from any negligent training, supervision, or retention claim.

### 2. *Plaintiffs' negligent training, retention, and supervision claim is also insufficiently pled.*

To bring a claim for relief alleging negligent training, retention, and/or supervision requires meeting four elements: (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. *Lambey v. Nevada ex rel. Dep't of Health and Hum. Servs.*, 2008 WL 2704191, *4 (D. Nev. July 3, 2008). A plaintiff must allege facts specifically indicating how the employer violated its duty. *Colquhoun v. BHC Montevista Hospital, Inc.*, 2010 WL 2346607, *3 (D.

Nev. June 9, 2010). This is where plaintiffs' negligent hiring fail claims. The complaint is devoid of any specific allegations of how USAA violated its duty to train and supervise Sumnicht. Rather, in conclusory fashion, plaintiffs contend that USAA breached its duty to properly supervise its claims adjusters to ensure compliance with Nevada law in fairly evaluating claims, doing so in good faith, and complying with the terms of the relevant insurance company. Compl., ECF No. 1-2 at 14–15. Even taking the allegations against Sumnicht as true as required, plaintiffs still have not met the plausibility standard required to survive a motion to dismiss because "the fact that an employee acts wrongfully does not in and of itself give rise to a claim for negligent . . . training or supervision." *Reece*, 2011 WL 868386, at *11 (citing *Colquhoun*, 2010 WL 2346607, at *3). Accordingly, plaintiffs' negligent training, retention, and/or supervision claim is dismissed, but because it is unclear if amendment would be futile, it is dismissed without prejudice and with leave to amend.

### D.  Respondent superior / vicarious liability

For the following reasons, the court grants USAA's motion to dismiss plaintiffs' "claim" of "respondeat superior/vicarious liability." It is well established that vicarious liability is a theory of liability, not a cause of action. *See Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013) ("[V]icarious liability . . . is a theory of liability, not an independent cause of action."); *Fernandez v. Penske Truck Leasing Co., L.P.*, 2012 U.S. Dist. LEXIS 69596, at *4 n.1 (D. Nev. May 18, 2012) (same). Accordingly, the vicarious liability claim cannot survive independently and is dismissed with prejudice.

While Nevada recognizes respondeat superior as a cause of action, it only applies to torts committed by employees. *See Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1179 (Nev. 1996). There are no tortious claims or allegations against Sumnicht so this claim must be dismissed. And any respondeat superior allegations as they relate to the negligent hiring or the negligent training, retention, and/or supervision claim would be part of the theory of liability as to those claims. Indeed, in employment cases, courts throughout this district have repeatedly found that

respondent superior is "a theory of liability, not a cause of action." *Mojtehedi v. Durante*, 2023 U.S. Dist. LEXIS 101554 (D. Nev. June 9, 2023) (citing *Fernandez*, 2012 WL 1832571, at *1; *see also Colvin v. M.J. Dean Constr.*, 2021 U.S. Dist. LEXIS 82233, (D. Nev. Apr. 7, 2021) (quoting *Phillips*, 2015 WL 4622673, at *5 (same). Accordingly, plaintiffs' respondeat superior claim is dismissed without prejudice and with leave to amend as it is unclear if amendment would be futile.

### E. USAA's motion to strike the prayer for punitive damages and attorney's fees is denied.

Nevada law permits punitive damages "for the breach of an obligation *not* arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005(1) (emphasis added); *see also Union Pac. R.R. Co. v. Winecup Ranch, LLC*, 2020 WL 7125918, at *24 (D. Nev. Dec. 4, 2020). "'Malice, express or implied' means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." Nev. Rev. Stat. § 42.001(3).

USAA asks the court to dismiss plaintiffs' prayer for punitive damages set forth in the bad faith and unfair practices claims. But by arguing that the court should not find plaintiffs entitled to punitive damages—a remedy—at this stage of the litigation is akin to asking the court to make factual findings. That would be improper at this time.[5] Accordingly, USAA's motion to dismiss the punitive damages remedy is denied without prejudice. *See Cardinale v. La Petite Acad., Inc.*, 207 F. Supp. 2d 1158, 1162 (D. Nev. 2002).

USAA moves to strike plaintiffs' prayer for attorney's fees because the underlying insurance policy does not allow for such fees. ECF No. 9 at 9–10. A court may grant a motion to strike under Federal Rule of Civil Procedure 12(f) if the contested language constitutes an

---

[5] The court notes that while it is denying USAA's request to strike the punitive damages prayer at this time, and further has determined that plaintiffs' allegations of delay and failure to communicate or provide a reasonable explanation for defendants' action may amount to bad faith or a breach of the covenant of good faith and fair dealing, plaintiffs will be required to satisfy the high standard for punitive damages should this case proceed to summary judgment or trial.

"insufficient defense or any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs' prayer for attorney's fees and costs meets none of those, so it is therefore denied without prejudice. Should the prevailing party seek attorney's fees and costs, they will be required to file a motion that complies with both Fed. R. Civ. P. 54 and Local Rule 54-14.

IV.     Conclusion

IT IS THEREFORE ORDERED that USAA's motion to dismiss **[ECF No. 9] is granted in part and denied in part.** I grant dismissal of:

1. Plaintiffs' Unfair Claim Practice Act claim pursuant to NRS § 686.A310(b) without prejudice and with leave to amend;
2. Plaintiffs' negligent hiring claim, without prejudice and with leave to amend;
3. Plaintiffs' negligent training, retention, and/or supervision claim, without prejudice and with leave to amend;
4. Plaintiffs' vicarious liability claim, with prejudice; and
5. Plaintiffs' respondeat superior claim, without prejudice and with leave to amend.

I deny USAA's motion to dismiss the other claims.

IT IS FURTHER ORDERED that this matter is referred to the magistrate judge for a settlement conference. LR 16-5.

IT IS FURTHER ORDERED that if the case does not settle, if plaintiffs wish to amend, they must submit an amended complaint, titled "First Amended Complaint" within 30 days of the conclusion of the settlement conference.

Dated: June 24, 2024

_____
Cristina D. Silva
United States District Judge